IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL T. ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-157-GMS |
| | ) |
| HOWARD R. YOUNG CORRECTIONAL | ) |
| INSTITUTION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Daryl T. Ellis ("Ellis"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.     STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

II. **ANALYSIS**

Ellis alleges that he was assaulted by another inmate, reported the assault to "HYRCI Institute," and it did nothing to assist Ellis with the problem. (D.I. 2, 2.) Ellis alleges he sustained injuries as a result of the assault. Ellis also alleges he was wrongfully sent to the detention area of the facility because of the assault. *Id.* at 4.

Ellis has named a defendant who is immune from suit. The HRYCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Dep't of Corr.*, 749 F.Supp. 572, 579 (D. Del. 1991). Accordingly, the HYRCI is entitled to immunity under the

Eleventh Amendment.

### III. CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted as the HRYCI is immune from suit. Therefore, the court will dismiss, without prejudice, the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Ellis will be given leave to amend the complaint to name the correct individual defendants. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_May 10_, 2007
Wilmington, Delaware



FILED

MAY 11 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL T. ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-157-GMS |
| | ) |
| HOWARD R. YOUNG CORRECTIONAL | ) |
| INSTITUTION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 10th day of May, 2007, for the reasons set forth in the Memorandum issued this date,

1. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Ellis is given leave to amend the complaint to name the correct individual defendants. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE

FILED

MAY 11 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE