IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL T. ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-157-GMS |
| | ) |
| RALPH WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Daryl T. Ellis ("Ellis"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) Ellis' original complaint was dismissed and he was given leave to amend to name the correct individual defendants. (D.I. 6.) An amended complaint was filed on May 18, 2007. (D.I. 7.) The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.    STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

In performing the court's screening function under § 1915(e)(2)(B), the court applies the

standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

II.     ANALYSIS

In his original complaint Ellis alleged that he was assaulted by another inmate, reported the assault to "HYRCI Institute," and it did nothing to assist Ellis with the problem. (D.I. 2, 2.) Ellis alleges he sustained injuries as a result of the assault. Ellis also alleges he was wrongfully sent to the detention area of the facility because of the assault. *Id.* at 4.

In the original complaint the only named defendant was the HRYCI, and it is immune from suit. Ellis was given leave to amend to name the correct individual defendants. His amended states, "you did not send me a amended complaint form, so enclosed in this letter is my amended complaint defendant # Warden Ralph Williams." (D.I. 7.)

Ellis appears to name Warden Ralph Williams ("Warden Williams") as a defendant based upon his supervisory position. The amended complaint, however, contains no allegations directed towards Warden Williams. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Warden Williams was the driving force behind the conduct described in Ellis' allegations. Moreover, the complaint does not indicate that Warden Williams was aware of Ellis' allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Therefore, the court will dismiss without prejudice the claim against Warden Williams pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### III.  CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted as to Warden Williams. Therefore, the court will dismiss, without

prejudice, the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Ellis will be given one final opportunity to amend the complaint to cure the defective pleading. An appropriate order will be entered.

                                                                                                          UNITED STATES DISTRICT JUDGE

Sept 14 , 2007
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL T. ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-157-GMS |
| | ) |
| HOWARD R. YOUNG CORRECTIONAL | ) |
| INSTITUTION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 14th day of Sep, 2007, for the reasons set forth in the Memorandum issued this date,

1. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Ellis is given a final opportunity to amend the complaint to cure the defective pleading. The amended complaint shall be filed within **thirty days** from the date of this order. If a first amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE

FILED

SEP 14 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE